103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Noni ONOSSIAN; Cyril Onossian; Herve Onossian, Plaintiffs-Appellants,
v.
Sherman BLOCK; Michael Antonovich; Deane Dana; Ed
Edelman; Kenneth Kahn; Gloria Molina; County of
Los Angeles; Daniel Finn; Bruce
Thomas, Defendants-Appellees.
 No. 95-55837.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1996.
Decided Dec. 09, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs appeal from an order dismissing their first amended complaint under Federal Rule of Civil Procedure 12(b)(6) without leave to amend. Plaintiffs allege a violation of 42 U.S.C. section 1983 by the Los Angeles Sheriff's Department, officials of that Department, and four deputy sheriffs. The claim is based on serious injuries suffered by plaintiffs in a collision with a vehicle being pursued by the deputy sheriffs at high speed.
 
 
 4
 The original complaint was dismissed without leave to amend. Plaintiffs appealed and this court in an unpublished memorandum reversed the dismissal of the due process count; it affirmed dismissal of the Fourth Amendment count and that count is no longer in the case. The court held that the conclusory allegation that defendants pursued a vehicle at grossly high relative speeds causing it to collide head-on with plaintiffs' vehicle and causing serious injuries was insufficient to permit a jury to infer that the defendant officers were "deliberately indifferent" to plaintiffs' safety. Reading the initial complaint as alleging nothing more than that "pursuing a speeder constitutes deliberate indifference," the court remanded to permit plaintiffs to amend.
 
 
 5
 In their first amended complaint plaintiffs allege that defendants, in disregard of plaintiffs' safety, continued in a high speed chase of a fleeing motorist who had "slightly exceed[ed] the posted speed limit ... on the very congested [those] streets which had posted speed limits of at most 35 miles per hour, at speeds exceeding 100 miles per hour.... [P]laintiffs ... were traveling on Melrose Avenue, which on said Sunday evening was one of the most congested, busiest, streets in West Hollywood ... [D]efendants ... pursued the motorist who continued to travel at a dangerously high rate of speed onto Melrose Avenue...."
 
 
 6
 We review a dismissal under Rule 12(b)(6) for failure to state a claim de novo. Oscar v. University Students Co-operative Ass'n., 965 F.2d 783, 785 (9th Cir.), cert. denied, 506 U.S. 1020 (1992).
 
 DISCUSSION
 
 7
 "A complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.' " Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.) (quoting Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989)), cert. denied, 506 U.S. 999 (1992); see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993). Under Wood v. Ostrander, 879 F.2d 583, 588 (9th Cir.1989), cert. denied, 498 U.S. 938 (1990), liability may be imposed under section 1983 where the evidence shows that "[a police officer] acted with deliberate indifference to [plaintiffs'] interest in personal security...." In L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir.1992), cert. denied, 508 U.S. 951 (1993), the court, citing Wood, articulated the "danger-creation" basis for a claim, involving affirmative conduct on the part of the state in placing the plaintiff in danger. And most recently, in Lewis v. Sacramento County, No. 93-15924, 1996 WL 577835 (9th Cir. Oct. 9, 1996), this court reversed summary judgment for defendant officers who had engaged in a chase at speeds of up to 100 miles per hour over streets with speed limits as low as 30 miles per hour, through four stop lights and three 90? turns, and in apparent violation of Sheriff's Department regulations.
 
 
 8
 Given the allegations in the amended complaint--that the officers pursued a motorist at 100 miles per hour on congested surface streets on a Sunday evening in a busy part of Los Angeles--it cannot be said that plaintiffs could prove no set of facts entitling them to recover. Whether plaintiffs' case can survive a motion for summary judgment on qualified immunity, on municipal liability, or on other grounds, is not before us.
 
 
 9
 The judgment is REVERSED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3