51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melita WYNN, administrator of the Estate of Melba Terre
Ramos, deceased, and as Guardian for Victor Keith Ramos,
Christopher Ramos, and John Michael Ramos; JOHN TERRE,
Lorenza Terre, Elsa Terre, et al., Plaintiffs-Appellants,
v.
CITY OF LOS ANGELES; Daryl F. Gates, Chief of Police;
Thomas Bradley, Mayor, Defendants-Appellees.
 No. 93-56393.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1995.*
Decided March 22, 1995.
 
 Before: BROWNING, BOOCHEVER, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Although most of Wynn's allegations are insufficient to state a substantive due process claim in light of DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189 (1989), and Balistreri v. Pacifica Police Dep't, 901 F.2d 696 (9th Cir.1990), dismissal under Fed.R.Civ.P. 12(b)(6) was premature because we can " 'conceive of facts' that would render plaintiff's claim viable." Balistreri, 901 F.2d at 701 (quoting Scott v. Eversole Mortuary, 522 F.2d 1110, 1116 (9th Cir.1975)). On the basis of the allegations of her complaint, Wynn may be able to establish that city officials, with knowledge of the threat to Melba Ramos, affirmatively created a danger by returning Officer Ramos's firearm to him, see L.W. v. Grubbs, 974 F.2d 119, 121-22 (9th Cir.1992), and that they "ratif[ied], condone[d] or in [some] way instigate[d]" the actions of Officer Ramos and thus violated Melba Ramos's right to due process, see Balistreri, 901 F.2d at 700 (quoting Balistreri v. Pacifica Police Dep't, 656 F.Supp. 423, 425 (N.D.Cal.1987)); see also Freeman v. Ferguson, 911 F.2d 52, 54 (8th Cir.1990). Wynn may also be able to establish a violation of equal protection based on a police policy of underenforcing the law in domestic violence cases, particularly when police officers are involved. Balistreri, 901 F.2d at 701.
 
 
 3
 Wynn's claim under 42 U.S.C. Sec. 1986 was properly dismissed. A cause of action under section 1986 depends on the existence of a claim under 42 U.S.C. Sec. 1985. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir.1991). Section 1985 prohibits conspiracies to deprive a person of civil rights. Id. at 1039. Wynn did not allege a violation of section 1985, and nothing in the complaint remotely indicates a conspiracy to interfere with Melba Ramos's civil rights.
 
 
 4
 Wynn's contention that the district court created or manipulated facts in dismissing the complaint is without merit. Nothing in the district court's order indicates it went beyond the allegations in the complaint.
 
 
 5
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. Costs awarded to Wynn.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3