**BANK OF ILLINOIS, as Special Administrator for Heather Peterson, a minor, Plaintiff–Appellant,**

v.

**Henry OVER, Julie Summers, and Marsha Biggens, Defendants–Appellees.**

**No. 94–2748.**

United States Court of Appeals, Seventh Circuit.

Argued July 7, 1995.

Decided Aug. 31, 1995.

Michael J. Zopf (argued), Urbana, IL, for plaintiff-appellant.

Alison E. O'Hara, Paul Racette (argued), Office of Attorney General, Civil Appeals Division, Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, and BAUER and KANNE, Circuit Judges.

POSNER, Chief Judge.

This suit complains that the State of Illinois was complicit in the beating of a child. Sheryl and David Peterson are the divorced parents of Heather Peterson and several other children. Sheryl had obtained an order from an Illinois state court awarding temporary legal custody of the children to her. The order provides that David may visit with the children every other weekend, but "he is only to have visitation on weekends when his parents will be home," "he must remain with his parents at their residence," and he is to "have no contact whatsoever with [Sheryl] aside from picking up the minor children and returning the minor children from scheduled visitations." The order also requires Sheryl "to advise Dept. of Children & Family Services that they are to become involved with her and provide homemaker services for her." The reference is to Illinois' Department of Children and Family Services, which has responsibility for the welfare of children in Illinois.

The order was entered in October of 1989. In April of 1991 (according to the allegations of the complaint), while Heather, aged 3, was in her father's home on one of her weekend visits, the fourteen-year-old son of her father's lover beat Heather, inflicting injuries for which damages are sought in her behalf under 42 U.S.C. § 1983.

The suit was originally brought by Sheryl, as her daughter's representative, but while it was pending the parental rights of both Sheryl and David were terminated and the court assigned a local bank to act as special administrator for Heather for purposes of prosecuting this suit. Fed.R.Civ.P. 17(c). The defendants are employees of the Department of Children and Family Services who, the complaint alleges, demonstrated reckless indifference to Heather's safety. Before the beating occurred, the Department had concluded that the Petersons were indeed unfit parents, and had sought a court order transferring the custody of the children to the Department, but the order had not yet been issued when the beating occurred. Although the Department now has custody of Heather, the district court acted sensibly in appointing a different representative for her to prosecute this suit (the court's authority to do so is not questioned), since the Department is, obviously, closely associated with the defendants, its employees. The district court granted summary judgment for the defendants and dismissed the suit.

*DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), holds that a state which negligently or even recklessly fails to protect a resident from private aggression does not deprive the resident of life, liberty, or property. There is no constitutional duty to protect people from private violence. The plaintiff in our case seeks to distinguish *De-Shaney* by pointing out that there was no court order in that case protecting the child against his abusive parent. Although the order in this case is primarily directed at protecting Sheryl rather than the children from David, it does forbid him to have any contact with them other than at his parents' home and in the parents' presence, conditions

that he violated, with the result that Heather was injured. But we cannot see how the existence of such an order distinguishes this case from *DeShaney*. The state social workers sued in that case were under a statutory duty to protect children from abusive parents, yet the violation of that duty was held not to deprive the plaintiff of any constitutional right and why should the result be different if the source of the duty is a court order rather than, or, more precisely, in addition to, a statutory duty? Especially as the duty imposed by the court order ran against David, not against the Department of Children and Family Services, whose role in the order of protection is incidental. The Department did not violate the order when the fourteen-year-old beat up Heather.

At argument the plaintiff's lawyer said that the defendants had actually taken Heather to her father's house, in violation of the order of protection, on the occasion of the beating. There is no suggestion of this in the complaint or the briefs, or anywhere else in the record; and the point is therefore waived. If the defendants' employees knowingly placed Heather in a position of danger, they would not be shielded from liability by the decision in *DeShaney*. All that *DeShaney* and the cases following it, such as *Losinski v. County of Trempealeau*, 946 F.2d 544 (7th Cir.1991), and *Gregory v. City of Rogers*, 974 F.2d 1006 (8th Cir.1992) (en banc), hold is that the Constitution does not impose a legally enforceable duty on state officers to protect people from private violence. If the officers are complicit in the violence, they are liable. E.g., *K.H. by Murphy v. Morgan*, 914 F.2d 846, 849 (7th Cir.1990); *L.W. v. Grubbs*, 974 F.2d 119 (9th Cir.1992); *Freeman v. Ferguson*, 911 F.2d 52 (8th Cir.1990). The plaintiff's lawyer complains that the court cut off discovery prematurely, before he had a chance to develop the facts that would show that the defendants endangered, they did not merely fail to protect, Heather. But the lawyer did not make the argument in his brief; so it too is waived and the judgment is

AFFIRMED.