99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas F. MILLER, Personal Representative of the Estate of
China Marie Davis, deceased, Plaintiff-Appellant,
v.
Dorothy Jane LIVINGSTON; James M. Houser; Richard J.
Galindo, Defendants-Appellees.
 No. 95-17009.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Oct. 16, 1996.
 
 Before: WALLACE, SNEED, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas F. Miller, as personal representative of the estate of China Marie Davis, deceased, appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action against James M. Houser and Richard J. Galindo. We have jurisdiction, 28 U.S.C. § 1291 and Fed.R.Civ.P. 54(b), and affirm.
 
 
 3
 Miller argues that the district court erred in holding that Houser and Galindo are absolutely immune from civil liability since his complaint alleges that they acted in reckless disregard of their duties to monitor Davis in foster care and allowed her to be maintained in the care of a foster parent who they knew or should have known posed a danger to her life and well-being. He contends that Babcock v. Tyler, 884 F.2d 497 (9th Cir.1989), cert. denied, 493 U.S. 1072 (1990), must be read with footnote 9 in DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189 (1989), and out-of-circuit opinions which recognize that caseworkers can be liable under § 1983 in various circumstances having to do with unsafe foster care; in any event, Miller contends that, unlike the conduct of caseworkers in Babcock, the actions of Houser and Galindo were not "in connection with or incident to" Davis's child dependency proceedings but were ministerial or operational. Miller submits that a special relationship existed between the child protective services caseworkers and Davis because she was judicially declared a ward of the state, and was placed in the custodial control of CPS. He suggests that it makes a difference that his claim is for damages for Davis's death and that the foster parent was a licensee of the State; that Arizona courts would not grant absolute immunity to Houser and Galindo; and that adequate damages could not be recovered under state law. As the district court concluded, however, we are bound by Babcock and it is dispositive.
 
 
 4
 In Babcock, we held that Washington child protective services caseworkers were absolutely immune from § 1983 liability for initially placing and then recommending that four children remain with a foster parent who sexually abused them because the caseworkers' actions were taken "in connection with, and incident to, ongoing child dependency proceedings." Babcock, 884 F.2d at 498-99, 503. Like Miller, the plaintiff in Babcock argued that the caseworkers' involvement occurred post-adjudication and that their services in monitoring child placement and their custody decisions were purely administrative or ministerial, but we disagreed. Here, as in Babcock, the child dependency proceedings did not end with the adjudication of child dependency but rather continued until after the dependent child returned home. A.R.S. § 8-246(A). Houser and Galindo also had statutory duties to perform throughout the process, and had the same need as the caseworkers in Babcock to exercise their independent judgment without fear of litigation. They are, therefore, absolutely immune.
 
 
 5
 Neither footnote 9 in DeShaney nor any of the Ninth Circuit opinions cited by Miller speaks to the question of absolute immunity for child protective services caseworkers. In footnote 9 the Court declined to express a view on whether states might have an affirmative duty to protect a child in foster care. L.W. v. Grubbs, 974 F.2d 119 (9th Cir.1992), cert. denied, 508 U.S. 951 (1993), does not discuss immunity at all but recognizes a claim for relief when prison officials affirmatively assigned a nurse to work with an inmate they knew was sexually violent; Hamilton v. Endell, 981 F.2d 1062 (9th Cir.1992), which concerned qualified immunity, acknowledges that prison officials who deliberately ignore the serious medical needs of inmates cannot claim that it was not apparent that their actions violated the law.[1] Miller also refers to what other circuits have said, but we must follow Babcock as it is the law of this circuit. See also Meyers v. Contra Costa County Dep't of Social Servs., 812 F.2d 1154 (9th Cir.) (holding that child protective services caseworker was absolutely immune from § 1983 liability for initiating and pursing child dependency proceedings), cert. denied, 484 U.S. 829 (1987); Coverdell v. Dep't of Social & Health Servs., 834 F.2d 758 (9th Cir.1987) (holding that child protective services caseworker was absolutely immune from § 1983 liability for seeking, obtaining, and executing ex parte court order seizing newborn from hospital and placing her in foster care). Compare Caldwell v. LeFaver, 928 F.2d 331 (9th Cir.1991) (holding that child protective services caseworker was not absolutely immune from § 1983 liability for unilaterally transporting children out of state before dependency proceeding had commenced).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We disregard Miller's discussion of San Diego House of Hope v. San Diego Dept. of Social Servs., No. 90-55497, 1992 WL 66664 (9th Cir. April 3, 1992), as it is an unpublished memorandum disposition which may not properly be cited to this court. Ninth Circuit Rule 36-3