105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas F. BRAZDA, Plaintiff-Appellant,
v.
CITY OF RENO, Michael Gent and James Duncan, Defendants-Appellees.
 No. 95-16410.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1996.
Decided Jan. 7, 1997.
 
 Before: WOOD, JR.,* SCHROEDER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas F. Brazda, a police officer with the Reno, Nevada Police Department (RPD), was severely injured on April 20, 1992, when he and other officers executed a search warrant. Defendants, Officer Michael Gent and Officer James Duncan, assigned him the task of kicking in the door to a second-floor apartment during the raid. Although he asked for a battering ram to assist him, Gent told him one was not available. When Brazda and another officer, Munns, kicked at the door, it would not open, and they fell backward, crashing through a wooden railing and falling fifteen feet to the pavement.
 
 
 3
 Brazda filed this § 1983 action against Gent, Duncan and the City of Reno, claiming that Gent and Duncan affirmatively created a dangerous situation in which Brazda was seriously injured and that their actions were taken pursuant to City of Reno policy. This, he contends, deprived him of his due process rights. The District Court entered summary judgment in the defendants' favor, and Brazda has appealed. Although Brazda's injuries are regrettable, they are not actionable, and we therefore affirm.
 
 
 4
 We review grants of summary judgment de novo, examining all facts and drawing all inferences in the light most favorable to the non-moving party. We will affirm only if there are no genuine issues of material fact and the district court correctly applied the substantive law. Erdman v. Cochise County, 926 F.2d 877, 881 (9th Cir.1991); Falk v. Mt. Whitney Sav. & Loan Ass'n, 5 F.3d 347, 350 (9th Cir.1993).
 
 
 5
 A § 1983 claim is comprised of two parts: (1) an allegation that the conduct complained of was committed by a person acting under color of state law, and (2) an allegation that the conduct deprived the plaintiff of a constitutional right. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir.1992) ("Grubbs I "), (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988) (as amended)). Brazda has properly stated the first element, since it is undisputed that Officers Gent and Duncan and the City of Reno were all acting under color of state law.
 
 
 6
 As for the second element, the deprivation of a constitutional right, "members of the public have no constitutional right to sue state employees who fail to protect them against harm inflicted by third parties." Grubbs I, 974 F.2d at 121. However, "an individual constitutional right to protection may arise under certain narrowly defined circumstances, that is ... when the state affirmatively creates the danger to which a person is exposed." United States v. Reese, 2 F.3d 870, 888 (9th Cir.1993). To show that this "danger creation" exception applies here, Brazda must prove that the City, Gent, or Duncan acted with deliberate indifference in affirmatively placing Brazda in danger. L.W. v. Grubbs, 92 F.3d 894, 900 (9th Cir.1996) (Grubbs II ).
 
 
 7
 Brazda alleges that the Appellees' affirmative acts created the danger that caused his injury. Officers Gent and Duncan did this, he claims, by (1) conducting a "high risk" raid at night, (2) using forced entry to execute the raid, (3) using untrained, inexperienced officers instead of the SWAT Team, (4) deciding not to use a battering ram and having Officers Brazda and Munns kick in the door, (5) telling the officers to knock and announce, even though they were serving a "no-knock" warrant, and (6) not having a contingency plan in case Brazda and Munns were unable to kick open the door. Brazda also claims the City of Reno had a policy of refraining from using the SWAT Team for financial reasons and that this policy created danger for him.
 
 
 8
 Brazda cites Wood v. Ostrander, 879 F.2d 583 (9th Cir.1989) and Grubbs I to support his contentions. Wood made "deliberate indifference to [a plaintiff's] interest in personal security under the fourteenth amendment" the standard for stating a claim against a state actor. Wood, 879 F.2d at 588. The Grubbs I court relied on Wood and held that a plaintiff is entitled to "make Defendants answer for their acts that independently created the opportunity for and facilitated" the danger against her. Grubbs I, 974 F.2d at 122. The Grubbs district court then granted summary judgment for all defendants except one, against whom it awarded damages of $325,000 for his gross negligence. On appeal, this court reversed that damage award, and clarified the standard to be used in cases involving the "danger creation" exception. "Deliberate indifference," not gross negligence, became the proper standard by which to measure a defendant's actions. Grubbs II, 92 F.3d at 900. The "deliberate indifference" standard differs from the gross negligence standard in that "it requires that the defendant have actual knowledge of, or willfully ignore, impending harm, i.e. the defendant knows that something is going to happen but ignores the risk and exposes someone to it." Id. The court concludes by stating that
 
 
 9
 ... in order to establish Section 1983 liability in an action against a state official for an injury ... the plaintiff must show that the state official participated in creating a dangerous condition, and acted with deliberate indifference to the known or obvious danger in subjecting the plaintiff to it. Only if the state official was deliberately indifferent does the analysis then proceed further to decide whether the conduct amounts to a constitutional violation.
 
 
 10
 Id.
 
 
 11
 Brazda's allegations do not meet the deliberate indifference standard set in Grubbs II. They do not establish that Gent or Duncan participated in creating a dangerous situation and acted with deliberate indifference in subjecting Brazda to it. Id. Officer Duncan's decision to conduct the raid at night was not deliberately indifferent to Brazda's safety; on the contrary, it was reasonable, because he made the decision hoping the apartment's inhabitants would be asleep. There is no evidence that Gent or Duncan knew in advance that the apartment door would be difficult to open or that the wooden railing would be so weak. Their decision to use forced entry to conduct the raid was not deliberately indifferent to any danger that could be foreseen. They did not know that something was going to happen but ignore the risk and expose Brazda to it. Id. Gent was also not deliberately indifferent in deciding not to call out the SWAT Team, for although it may have been prudent, the RPD's SWAT Team Deployment Procedures did not require it. Except in unusual circumstances, a SWAT team is not ordinarily used to serve a warrant. Gent's denial of Brazda's request for a battering ram is less reasonable, as it was being used as a doorstop and someone easily could have retrieved it, but the failure to do so does not amount to deliberate indifference. There is no allegation or evidence that Gent knew a battering ram would be necessary or that he deliberately denied the request so Brazda would have to subject himself to danger in kicking open the door, not from the occupants, but because of a structural weakness of the stairway and railing. Additionally, Gent and Duncan's alleged failure to train Brazda how to kick open a door is not actionable under § 1983. Collins v. City of Harker Heights, 503 U.S. 115, 128-29 (1992). Their order to knock and announce and their failure to have a contingency plan also do not rise to the level of deliberate indifference. And although Brazda alleges that the RPD had a policy of refraining from using the SWAT Team for financial reasons, he has offered no evidence to confirm that an actual policy exists. Thus, there is nothing to show that either Officers Gent and Duncan or the City of Reno were deliberately indifferent to Brazda's safety. The judgment is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3