116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin E. RAYNOR, a single person, individually, as the
personal representative of the Estate of Cheryl Raynor and
as guardian ad litem of Kathryn Raynor, a minor; David
Johnson, a single person, individually and as the personal
representative of the Estate of Candy Johnson, Plaintiffs-Appellants,
v.
City of LONGVIEW, a municipal corporation; County of
Cowlitz, a political subdivision of Washington State; Casey
Tilton and Rhonda Tilton, husband and wife, and their
marital community; Tom Homad and Debra Doe Homad, husband
and wife, and their marital community; Timothy Kittleson,
as the personal representative of the Estate of Milton R.
King, and Margie E. King, a single person; Stephen M.
Warning and Angela Warning, husband and wife, and their
marital community, Defendants-Appellees.
 No. 96-35907.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 9, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, D.C. No. CV-94-05362-FDB; Franklin D. Burgess, District Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martin Raynor and David Johnson appeal the district court's grant of summary judgment in favor of defendants in their 42 U.S.C. § 1983 action alleging that police officers and officials of the City of Longview and the County of Cowlitz failed to respond adequately to two 911 calls, resulting in the deaths of Cheryl Raynor and Candy Johnson. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 A. Background
 
 3
 Milton King fatally shot his next-door neighbor, Candy Johnson, and her daughter, Cheryl Raynor, over a fence line dispute. On the afternoon of the shootings, Johnson called 911 stating that she needed to talk to a police officer because she was "getting some flack from my neighbor about stacking wood on my property." Casey Tilton, the City of Longview police officer who responded to the call, told Johnson that it was within her legal rights to stack wood next to the fence, and stated that while King was known for his violent history, he did not get violent over minor issues such as wood stacking. When Tilton then told King that there was nothing the police department could do to prevent Johnson from stacking wood on her property, King became upset, used profanity, and complained about the police department's unwillingness to assist him.
 
 
 4
 When King's wife called 911 later that afternoon complaining that Johnson was stacking wood against the fence, Tilton discussed the matter with his officer-in-command and asked the County of Cowlitz 911 dispatcher to tell King's wife that, because the dispute was civil in nature, no further police action would be taken. Approximately twenty minutes after the 911 dispatcher relayed this message to King's wife, King fatally shot Johnson and her daughter.
 
 B. Standard of Review
 
 5
 We review the district court's grant of summary judgment de novo. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. See id.
 
 C. 911 Calls
 
 6
 Appellants contend the district court erred by granting summary judgment to the City of Longview police officers on their claim that the officers violated the victims' rights under the Due Process Clause of the Fourteenth Amendment by responding inadequately to the 911 calls. We disagree. As a general rule, members of the public do not have a Fourteenth Amendment right to sue police officers who fail to protect them from harm inflicted by third parties. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989). Although an exception exists where a police officer affirmatively created the particular danger that exposed the victims to third party violence or acted to make the victims more vulnerable to danger, see L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir.1992), the evidence, including all reasonable inferences, viewed in the light most favorable to the appellants, is insufficient to establish this exception, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' "). Accordingly, the district court properly granted summary judgment to the police officers.[1]
 
 D. Release of King's Gun
 
 7
 Appellants contend the district court erred by granting summary judgment to the City of Longview and the County of Cowlitz on their claim that the City and County, through their inadequate procedures regarding the return of firearms to convicted felons, violated the victims' rights under the Due Process Clause of the Fourteenth Amendment by permitting the return of King's gun, which had been seized pursuant to King's earlier felony conviction for assault. We disagree. Although King used the gun to shoot the victims, we agree with the district court that the act of releasing the gun on April 8, 1991, is too attenuated from the shootings on July 10, 1992, to hold the City and County responsible under section 1983. See Martinez v. California, 444 U.S. 277, 285 (1980) (stating that parole board's actions in releasing prisoner were too attenuated from the prisoner's murder of a young girl to impose liability under section 1983); Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir.1996) (stating that off-duty police officer's attack on victims was too remote a consequence of the county's inadequate monitoring of officer's violent behavior to hold the county liable under section 1983), cert. denied, 117 S.Ct. 950 (1997).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellants' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court also properly granted summary judgment to the City of Longview and the County of Cowlitz on appellants' claim that the City and County, through a custom of failing to train police officers and 911 dispatchers to respond properly to civil disputes, violated the victims' rights under the Due Process Clause of the Fourteenth Amendment. See City of Los Angeles v. Heller, 475 U.S. 796, 798-99 (1986) (per curiam) (jury verdict concluding that police officer inflicted no constitutional injury required dismissal of municipal liability claim against the city based on the actions of that officer); Quintanilla v. City of Downey, 84 F.3d 353, 355-56 (9th Cir.1996) (stating that there is no liability under Monell v. Department of Soc. Servs., 436 U.S. 658 (1978), when the individual officer inflicted no constitutional harm), cert. denied, 117 S.Ct. 972 (1997)