**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES GUND and NORMA GUND,<br><br>     Plaintiffs - Appellees,<br><br> v.<br><br>COUNTY OF TRINITY, California, a local government entity and RON WHITMAN, Corporal,<br><br>     Defendants - Appellants,<br><br> And<br><br>BRUCE HANEY, Sheriff and DOES, 1-40 inclusive,<br><br>     Defendants. | No. 13-16741<br><br>D.C. No. 2:13-cv-00452-TLN-CMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted November 17, 2015
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Corporal Ron Whitman appeals the denial of his Rule 12(b)(6) motion to dismiss the § 1983 action brought by James and Norma Gund. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reviewing de novo, we accept the well-pleaded allegations as true and construe them in the light most favorable to the Gunds. *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). Qualified immunity protects government officials from liability when their conduct does not violate clearly established constitutional or statutory rights. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quotation omitted). "[T]he specific, alleged conduct . . . need not have been previously and explicitly deemed unconstitutional, but existing case law must have made it clear that the conduct violated constitutional norms." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065–66 (9th Cir. 2006).

"It is well established that the Constitution protects a citizen's liberty interest in her own bodily security." *Id*. at 1061 (citing *Ingraham v. Wright*, 430 U.S. 651, 673–74 (1977); *Wood v. Ostrander*, 879 F.2d 583, 589 (9th Cir. 1989)). It is likewise well established that a due process violation may occur where "state action affirmatively places the plaintiff in a position of danger, that is, where state

2

action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Id.* (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197, 201 (1989); *Wood*, 879 F.2d at 589–90) (quotation and alteration omitted).

Here, the Gunds allege that Whitman asked them to "check on" a neighbor who placed a 911 call, but withheld that the caller had repeatedly whispered "help me," was attempting not to be heard, and subsequently did not answer her phone when the dispatcher attempted to call her back. Because Whitman did not relay these facts to the Gunds, they complied with his request and were violently attacked by the man who had just killed the neighbor when they arrived at her house.

We have repeatedly found that qualified immunity does not shield a state actor from liability when his conduct exposes a civilian to assault. *See Kennedy*, 439 F.3d at 1063; *L.W. v. Grubbs*, 974 F.2d 119, 121–22 (9th Cir. 1992); *Wood*, 879 F.2d at 589–90. Accordingly, our precedents provided fair warning to Whitman that his alleged conduct violated constitutional norms when the underlying events occurred in March 2011. *See Kennedy*, 439 F.3d at 1065.

**AFFIRMED.**

3