**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDY J. PAULUK, Psy.D, individually and as personal representative of the proposed Estate of Daniel Pauluk; JAIME L. PAULUK; CHRISSY J. PAULUK, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> GLENN SAVAGE, an individual; EDWARD WOJCIK, an individual, <br><br> Defendants - Appellants. | No. 14-15027 <br><br> D.C. No. 2:07-cv-01681-PMP-VCF <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted February 11, 2016
San Francisco, California

Before: NOONAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Defendants–Appellants ("Defendants") Glenn Savage and Edward Wojcik

bring this interlocutory appeal challenging the district court's denial of qualified

---

      <sup>*</sup>     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

immunity.  We conclude that the Appellants are entitled to qualified immunity, and we therefore reverse the district court.

We have jurisdiction to decide whether, assuming that the Plaintiffs-Appellees' ("Plaintiffs") version of the facts is true, the Defendants violated a clearly established constitutional right.  *Behrens v Pelletier*, 516 U.S. 299, 312–13 (1996); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1059–60 (9th Cir. 2006). The Defendants are entitled to qualified immunity only if the facts, taken in the light most favorable to the plaintiffs, demonstrate (1) that the Appellants' conduct violated a constitutional right, and (2) that the constitutional right was "clearly established."  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  We have discretion to grant qualified immunity on either ground.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Even assuming that the Defendants violated the Constitution by transferring Pauluk to Shadow Lane in 2003 and subsequently refusing to move him out, we conclude that a constitutional violation, if any, was not "clearly established."  The facts of this case are very similar to *Collins v. City of Harker Heights*, 503 U.S. 115 (1992).  Both *Collins* and this case involved constitutional allegations stemming from a state employer's decision to send a person into a work environment polluted by a biotic danger, such as lack of oxygen (as in *Collins*) or

toxic mold (as in this case).  *Collins*, 503 U.S. at 117.  In *Collins*, the Supreme Court rejected the plaintiff's claim that there was a constitutional violation under such circumstances.  *Id.* at 130.  Given the similarity between the facts of this case and *Collins*, it was reasonable for the Defendants to assume that their conduct did not violate the Constitution.

Plaintiffs may be correct that this case may be distinguished from *Collins*. Here, Plaintiffs have alleged a constitutional claim under the state-created danger doctrine, rather than arguing simply that Defendants violated Pauluk's constitutional right to a safe workplace.  *Collins* does not necessarily foreclose Plaintiffs' claims, given that we have previously permitted a state-created danger claim to proceed, notwithstanding the fact that the harm occurred in a workplace environment.  *See L.W. v. Grubbs*, 974 F.2d 119, 122 (9th Cir. 1992). Nevertheless, even assuming that the state-created danger doctrine is properly construed as an "exception" to *Collins* such that the plaintiffs' have alleged a valid constitutional violation, the factual circumstances of this case are simply too similar to the facts of *Collins* for the Defendants to have been "on notice [that] their conduct [wa]s unlawful."  *Pearson*, 555 U.S. at 244 (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).

**REVERSED and REMANDED.**