NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER RUSSETT; et al., Plaintiffs-Appellees, v. STATE OF ARIZONA; et al., Defendants-Appellants. | No. 17-15709 18-15325 D.C. No. 2:16-cv-00431-ROS MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted July 17, 2019
San Francisco, California

Before: MURPHY,** PAEZ, and RAWLINSON, Circuit Judges.

Defendants-Appellants appeal two district court orders denying their motions to dismiss on grounds of qualified immunity in this 42 U.S.C. § 1983 action. We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we reverse.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

1. Plaintiffs-Appellees ("Appellees") are corrections officers who allege they were assaulted by inmates while employed by the Arizona Department of Corrections in various incidents from 2014 through 2015. Appellees brought claims against individual prison employees and officials ("Appellants") under 42 U.S.C. § 1983, alleging Appellants violated their Fourteenth Amendment due process rights by placing them in known danger with deliberate indifference to their personal safety. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986) (noting that the Fourteenth Amendment's guarantee of due process applies "to *deliberate* decisions of government officials to deprive a person of life, liberty, or property"); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72, 974 (9th Cir. 2011) (reiterating that the Fourteenth Amendment does not impose a duty on the state to protect individuals from the acts of third parties unless "the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known or obvious danger" (internal quotation marks omitted)). Although the complaint contains allegations specific to each Appellee, the allegations can be summarized as assertions that Appellants knowingly assigned Appellees to work with violent inmates under extremely dangerous conditions.

2. Appellants twice moved to dismiss the claims asserted against them, arguing they were entitled to qualified immunity because (1) the allegations in Appellees' complaint did not state a claim under the state-created danger doctrine,

and (2) the alleged constitutional violations were not clearly established at the time of the incidents. The district court denied Appellants' motions as to the claims asserted against them by Appellees. We review the district court's denial of qualified immunity de novo. *Hernandez v. City of San Jose*, 897 F.3d 1125, 1131 (9th Cir. 2018).

3. A state actor is entitled to qualified immunity unless: (1) "the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right" and (2) the right at issue "was clearly established 'in light of the specific context of the case'" at the time of the alleged misconduct. *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1100 (9th Cir. 2011). This court has discretion to address either prong of the qualified immunity analysis first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

4. Here, it is unnecessary to address the first prong of the qualified immunity analysis because Appellees cannot show that the right at issue was clearly established at the time of the alleged incidents in 2014 and 2015. A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotation marks and alteration omitted). A plaintiff need not identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond

debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Courts do not "define clearly established law at a high level of generality," *id*. at 742, because qualified immunity is meant to protect "all but the plainly incompetent or those who knowingly violate the law," *id*. at 743 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Appellees argue the constitutional right they assert was recognized by this court in *L.W. v. Grubbs*, 974 F.2d 119 (9th Cir. 1992). The plaintiff in *Grubbs* was a registered nurse employed at a medium security custodial institution. *Id*. at 120. She was sexually assaulted by an inmate who was selected by the defendants to work alone with her in the medical clinic. *Id*. This court held that the plaintiff's complaint stated a claim under the state-created danger doctrine. *Id*. at 123.

Although Appellees underscore that the plaintiff in *Grubbs* was employed by a correctional facility, she was employed as a nurse, not a corrections officer. This distinction is key because, unlike nurses, the primary responsibility of corrections officers is to constantly supervise and closely interact with violent inmates. Further, this court emphasized in *Grubbs* that the defendants led the plaintiff "to believe that she would not be required to work alone with violent sex offenders." *Id*. at 120. Neither this court nor the Supreme Court has ever held that a prison employee whose essential duties involve monitoring inmates can assert a

substantive due process claim when he is assaulted by an inmate he was tasked with supervising.

We have never before recognized a state-created danger cause of action on facts analogous to the ones asserted by Appellees. Thus, it was not clearly established that Appellants' conduct of assigning corrections officers to work with inmates under dangerous conditions would have violated Appellees' due process rights and we reverse the district court's denial of qualified immunity.

**REVERSED and REMANDED**.