NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAWRENCE OGBECHIE,

          Plaintiff-Appellant,

  v.

R. COVARRUBIAS; et al.,

          Defendants-Appellees.

No.    20-16936

D.C. No. 5:18-cv-00121-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted July 9, 2021
San Francisco, California

Before: GRABER, MURGUIA, and LEE, Circuit Judges.

      Plaintiff Lawrence Ogbechie, a psychiatrist working under contract for

Salinas Valley State Prison, appeals the grant of summary judgment for

Defendants—several of the prison's employees—in his suit for damages under 42

U.S.C. § 1983 following an attack by one of his patients. Reviewing de novo, <u>S.B.</u>

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v. County of San Diego, 864 F.3d 1010, 1013 (9th Cir. 2017), we reverse and remand.[1]

1. The district court erroneously concluded that Defendant Officer Covarrubias did not commit an affirmative act that "left . . . [Plaintiff] in a situation that was more dangerous than the one in which [Defendant Covarrubias] found him." Hernandez v. City of San Jose, 897 F.3d 1125, 1133 (9th Cir. 2018) (citation omitted). To the contrary, Defendant Covarrubias brought a mentally ill prisoner with a violent past to Plaintiff's office and then walked away to perform other tasks. That left Plaintiff unprotected and unmonitored, despite the prison's written policy mandating that a "correctional officer assigned to provide coverage [to a clinician] will position him/herself outside of the treatment room in a manner that he/she can see the clinician." Those acts—particularly the guard's leaving— "affirmatively created an actual, particularized danger." Kennedy v. City of Ridgefield, 439 F.3d 1055, 1063 (9th Cir. 2006).

As to each other element of Plaintiff's claim under the state-created danger doctrine, "there is a genuine issue of fact that requires a trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986); see also Hernandez, 897 F.3d at 1133 (holding that, to face liability, the government's employee must (1) make an

---

[1] Because we reverse the grant of summary judgment as to Plaintiff's anchoring federal claim, we reverse the district court's dismissal of his state-law negligence claim under 28 U.S.C. § 1367(c)(3), too.

2

affirmative act that (2) "create[s] an actual, particularized danger" and (3) causes a foreseeable injury while (4) acting with "'deliberate indifference' to [that] 'known or obvious danger'" (citations omitted)).  Plaintiff's subsequent injuries were foreseeable given the nature of the prison's hospital and the nature of the patients, including this patient, who had a violent history.  A reasonable juror also could find that Defendant Covarrubias acted with deliberate indifference by failing to follow the apparent requirement that he position himself "outside of the treatment room in a manner that he . . . can see the clinician."  See Farmer v. Brennan, 511 U.S. 825, 842 (1994) (holding that, in a claim under the Eighth Amendment, deliberate indifference "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious").

2.  For similar reasons, a reasonable juror could find that the supervisory Defendants helped cause Plaintiff's exposure to a state-created danger.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." (citation omitted)).  To be sure, Plaintiff does not offer any proof of "personal involvement in the constitutional deprivation," Keates v. Koile, 883 F.3d

3

1228, 1242 (9th Cir. 2018) (citation omitted), by Defendants Sergeant Soto, Captain Thomas, and Associate Warden Walker. Nor does Plaintiff offer any proof of a "pattern of violations [that] is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 70 (2011) (citation omitted). But Plaintiff does point to evidence that the supervisory Defendants "acquiesce[d] in the constitutional deprivation[] or . . . showed a reckless or callous indifference to the rights of others." Keates, 883 F.3d at 1243 (citation omitted). The record contains testimony from employees that Defendants Soto, Thomas, and Walker directed—or, at the very least, knew of— guards' tendency to leave psychiatry appointments unmonitored. When considered with the facts above, a reasonable juror could find that there is "a sufficient causal connection," Starr, 652 F.3d at 1207 (citation omitted), between the supervisory Defendants' culpable actions and Plaintiff's injuries.

3. Our precedents, as of 2017, gave Defendants notice that their actions violated Plaintiff's "clearly established . . . constitutional rights of which a reasonable person would have known." Hernandez, 897 F.3d at 1132 (citation omitted). If one views this case through the lens of a broken promise to protect, Plaintiff's claim bears a strong resemblance to L.W. v. Grubbs, 974 F.2d 119 (9th Cir. 1992). There, as here, correctional facility employees promised to guard a medical professional from certain risks inherent to working in the facility. Id. at

120.  There, as here, the medical professional claimed to have relied on that promise.  Id. at 120–21.  There, as here, the facility's employees arguably broke that promise.  Id. at 121.  Indeed, we held that Grubbs put governmental employees on notice in circumstances much farther afield than those present here.  See Kennedy, 439 F.3d at 1066 (holding that the plaintiff's claim that a police officer placed her family in danger by informing her neighbor of the plaintiff's sexual abuse allegations against that neighbor "[wa]s not 'meaningfully distinguishable' from Grubbs" (citation omitted)).  If Kennedy is not "meaningfully distinguishable" from Grubbs, it follows that Plaintiff's case is not.  Defendants are not entitled to qualified immunity.

**REVERSED and REMANDED.**