NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN M. HUMMASTI, | No. 22-35091 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-01852-MO |
| v. | |
| REPUBLIC OF PAKISTAN; ZAHRA BILOO, CAIR's San Francisco chapter director; TWITTER, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 8, 2022**

Before:     WALLACE, TALLMAN, and BYBEE, Circuit Judges.

John M. Hummasti appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging freedom of speech, freedom of

travel, and due process claims. We have jurisdiction under 28 U.S.C. § 1291. We

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo a dismissal under 28 U.S.C. § 1915(e). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Hummasti's action because Hummasti failed to allege facts sufficient to state a plausible violation of his constitutional rights. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (noting that although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992) (stating that § 1983 claims must be asserted against state actors).

The district court did not abuse its discretion in denying Hummasti's motion for reconsideration because Hummasti set forth no valid grounds for reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59 and 60).

**AFFIRMED.**