**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEATH GARCIA; VALERINE GARCIA, Plaintiffs-Appellees, v. ROBERT MIRABAL, an Island County Deputy; MICHAEL HAWLEY, an Island County Deputy, Defendants-Appellants, and ISLAND COUNTY, a county of the State of Washington, Defendant. | No. 22-35733 D.C. No. 2:20-cv-01318-TSZ MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted July 11, 2023
Seattle, Washington

Before: GRABER, GOULD, and FRIEDLAND, Circuit Judges.

Heath and Valerie Garcia sued police officers Michael Hawley and Robert

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Mirabal, alleging that both officers violated Heath Garcia's Fourteenth Amendment right to be free from state-created danger when they took certain actions while responding to a suicidal individual whom Garcia was trying to assist. Plaintiffs further allege that Mirabal violated Garcia's Fourth Amendment right to be free from unreasonable seizure. Hawley and Mirabal moved for summary judgment, arguing that they are entitled to qualified immunity. The district court denied the officers' motion. Reviewing de novo the denial, *Peck v. Montoya*, 51 F.4th 877, 884 (9th Cir. 2022), we affirm as to Hawley and reverse as to Mirabal.

1. "[R]esolving all factual disputes and drawing all inferences in [Plaintiffs'] favor," *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022), we conclude that Hawley violated Garcia's Fourteenth Amendment rights under the state-created danger doctrine. He acted affirmatively when he told Garcia that he would have his officers back up before Garcia led the suicidal individual outside, but he then broke that promise. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006). The misrepresentation placed Garcia in a worse position than he otherwise would have been in: The suicidal individual had calmed down substantially and became agitated and violent only upon realizing that Hawley had not kept his word. *See id.* That individual's violent reaction to the continued police presence was foreseeable and particularized. *See Lawrence v. United States*, 340 F.3d 952, 957 (9th Cir. 2003); *Sinclair v. City of Seattle*, 61 F.4th 674, 682–83

2

(9th Cir. 2023), *petition for cert. filed*, No. 22-1156 (U.S. May 25, 2023).  And a jury could reasonably conclude that Hawley acted with deliberate indifference when he misrepresented to Garcia that he would have his officers back up: His incident report showed both that he recognized the risk posed by an armed, agitated, suicidal person and that he was aware that a condition of the individual's safe surrender to medical treatment was that law enforcement leave the area.  *See Kennedy*, 439 F.3d at 1064–65 (concluding that an officer was deliberately indifferent when he broke his promise to the plaintiff about how he would deal with an individual who wound up attacking the plaintiff, despite the officer's knowledge of that individual's violent tendencies).

This violation contravened clearly established law.  *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1137 (9th Cir. 2018).  As in *Kennedy*, Hawley broke a promise on which the plaintiff relied, thereby "affirmatively creat[ing] a danger . . . [he] otherwise would not have faced."  439 F.3d at 1063.  And, as in *L.W. v. Grubb*s, 974 F.2d 119 (9th Cir. 1992), Hawley "enhanced [the plaintiff's] vulnerability to attack by misrepresenting to [him] the risks attending" the task he had agreed to perform.  *Id.* at 121.  In all three cases—*Kennedy*, *Grubbs*, and this one—the relevant state action "left plaintiffs exposed to the danger of the subsequent . . . injury they in fact suffered.  And in [all three] cases the plaintiff relied upon the state actor's representation and did not take protective measures [he

3

or] she otherwise would have taken, and the state's action made plaintiffs vulnerable to a particularized danger they would not have faced but for that action." *Kennedy*, 439 F.3d at 1067. The supervisor in *Grubbs* assigned a violent sex offender to work closely with the plaintiff after leading her to believe that she would not have to work alone with dangerous inmates, 974 F.2d at 121; the officer in *Kennedy* notified the plaintiff's dangerous neighbor of the plaintiff's allegations against him after promising not to do so without first warning the plaintiff, 439 F.3d at 1063–64; and Hawley broke his promise to have his officers pull back. No reasonable officer in Hawley's position could have "concluded otherwise than that [Garcia] had a right not to be placed in obvious physical danger as a result of" Hawley's breaking of his promise. *Id.* at 1067.

2. Mirabal is entitled to qualified immunity on both the Fourteenth Amendment and Fourth Amendment claims. Plaintiffs have offered no theory for how Mirabal's actions reflected deliberate indifference in violation of the Fourteenth Amendment under the state-created danger doctrine. Nor did Mirabal's actions amount to a seizure of Garcia under the Fourth Amendment. But even if a seizure occurred and was unreasonable, no case has clearly established that actions such as Mirabal's violated the Fourth Amendment. *See White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam) (reiterating "the longstanding principle that clearly established law should not be defined at a high level of generality," and that "the

4

clearly established law must be particularized to the facts of the case" (quotation marks omitted)).

**AFFIRMED in part and REVERSED in part.** The parties shall bear their own costs on appeal.