**Kersti Emelie BUCHANAN, Plaintiff—Appellant,**

**v.**

**The COUNTY OF HUMBOLDT; Myrna Corder, Defendants— Appellees.**

**No. 99–16433.**

**D.C. No. CV–97–03093–MJJ(JL).**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Oct. 29, 2002.

---

Before D.W. NELSON, BEEZER, and WARDLAW, Circuit Judges.

MEMORANDUM *

Kersti Buchanan appeals the district court's grant of summary judgment in favor of appellees Myrna Corder and the County of Humboldt on her 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Municipal liability under Section 1983 can attach only if a municipality's policy amounts to deliberate indifference to a constitutional right. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992). In general, no Section 1983 constitutional injury arises from an employer's failure to provide a safe workplace. *See Collins v. City of Harker Heights*, 503 U.S. 115, 130, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) ("[T]he Due Process Clause does not impose an

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

independent federal obligation upon municipalities to provide certain minimal levels of safety and security in the workplace.").

■ Nevertheless, Buchanan claims that her injury at the hands of a child housed in the temporary shelter at which she worked falls within the "danger creation" exception to this general rule. *See L.W. v. Grubbs,* 974 F.2d 119, 121 (9th Cir.1992) (Liability attaches when the defendants "created the danger to which [the plaintiff] fell victim" and "enhanced [the plaintiff's] vulnerability to attack by misrepresenting to her the risks attending her work."). Buchanan's argument fails because the undisputed facts show (1) the County did not create the danger of the child's violence and (2) Buchanan was not misled about any risks the child presented, as she was both involved in his intake and trained on handling violent episodes.

■ Buchanan also argues that the act of admitting a dangerous child directly caused her injury, thus giving rise to municipal liability. However, Section 1983 liability can only attach for a single act if the plaintiff shows "fault and causation." *Board of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Here, the undisputed facts show (1) the facially valid admission followed all appropriate procedures and involved thorough evaluations and (2) the child behaved appropriately for several days before the incident, extinguishing any possibility that the danger to Buchanan was caused by, or even a foreseeable result of, his admission.

■ Buchanan also argues that the County's failure to supervise its employees rose to the level of deliberate indifference, resulting in her injury. However, "[p]ointing to a municipal policy action or inaction as a 'but-for' cause is not enough to prove a causal connection.... Rather, the policy must be the proximate cause of the section 1983 injury." *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 837 (9th Cir.1996). The County did not cause the assault, and the extensive training it provided belies the concept of "deliberate indifference." Any failure to supervise in these circumstances at most rises to the level of negligence, removing it from the realm of a constitutional violation. *See County of Sacramento v. Lewis,* 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials: liability for a negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

■ Buchanan's claim against her supervisor, Corder, also fails because it is based on Corder's inaction—the failure to telephone the crisis unit. *See Grubbs,* 974 F.2d at 121 ("The danger creation basis for a claim ... necessarily involves affirmative conduct on the part of the state in placing the plaintiff in danger.").

Because Buchanan has failed to show that the County or her supervisor's actions resulted in a constitutional injury, the district court's judgment is

*AFFIRMED.*