Pamela CHASE;  et al., Plaintiffs—
Appellants,

v.

COUNTY OF NEVADA;  et al.,
Defendants—Appellees.

No. 02–16474.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2003.

Decided Nov. 4, 2003.

Stephen A. Munkelt, Esq., Munkelt Phillips & Walters, Nevada City, CA, for Plaintiffs–Appellants.

Kathleen J. Williams, Martha Macon Stringer, Williams & Associates, Sacramento, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

■ After a mental patient's deadly attack on employees in the Nevada County Behavioral Health Services Department ("BHS"), Pamela Chase and Yvonne O'Keefe, two former employees of BHS, filed a § 1983 civil rights claim against the County of Nevada and several BHS supervisors. The plaintiffs allege that defendants implemented policies which placed BHS employees in danger, thus violating their Fourteenth Amendment substantive due process rights. The district court granted defendants' motion to dismiss the claim, holding that defendants' alleged conduct did not violate plaintiffs' substantive due process rights. As the parties are familiar with the facts, we recite them only as necessary. We affirm.

Plaintiffs may have a valid claim under state law, but they do not have a federal due process claim. The Supreme Court has held that "the Due Process Clause does not impose an independent federal obligation upon municipalities to provide certain minimal levels of safety and security in the workplace." *Collins v. City of Harker Heights,* 503 U.S. 115, 130, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). Further, Plaintiffs' injuries resulted from private violence. Generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

*L.W. v. Grubbs,* 974 F.2d 119, 121 (9th Cir.1992), recognized an exception to this general rule in situations where the State has created the danger, but under the "danger creation" theory, the plaintiff "must demonstrate, at the very least, that the state acted affirmatively and with deliberate indifference, in creating a foreseeable danger to the plaintiff leading to the deprivation of the plaintiff's constitutional rights." *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1061 (9th Cir.1998) (internal citations omitted). The misconduct alleged here was not affirmative action but rather involved alleged inaction—failure to adequately treat the given patient or to initiate involuntary commitment proceedings, and failure to take sufficient safety precautions for employees. This inaction does not constitute the kind of affirmative action necessary to state a federal due process claim.

■ Plaintiffs acknowledge that defendants' alleged wrongful conduct stems from a policy designed to conserve re-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sources. Courts have repeatedly held that such resource allocation decisions, though they occasionally result in harm to individuals, do not rise to the level of a constitutional violation. *Collins,* 503 U.S. at 128–29. The Due Process Clause should not be interpreted "to impose federal duties that are analogous to those traditionally imposed by state tort law." *Id.* at 128. This principle "applies with special force to claims asserted against public employers because state law, rather than the Federal Constitution, generally governs the substance of the employment relationship." *Id.*

**AFFIRMED.**