MEMORANDUM *
Officer Mike Titland appeals the district court’s denial of his motion for summary judgment, arguing that he is entitled to qualified immunity from a 42 U.S.C. § 1983 suit filed by Paula Decoria, on behalf of herself and her minor child, T.D. The Decorias allege that Titland violated T.D.’s substantive due process right to be free from bodily harm by exposing T.D. “to a danger which ... she would not have otherwise faced.” Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061 (9th Cir.2006) (citing DeShaney v. Winnebago County Dep’t of Soc. Serv., 489 U.S. 189, 197, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); Wood v. Ostrander, 879 F.2d 583, 589-90 (9th Cir.1989)). These allegations arise from T.D.’s rape by an alleged sex offender, Walt Correia, in 2005. A few days prior to the rape, Titland, after contacting Correia’s probation officer, arranged for Correia to stay at the Parsons’ home, the location where the alleged rape occurred.
As a threshold matter, we have jurisdiction to review Titland’s challenge to the district court’s denial of summary judgment. Although “a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court’s summary judgment order insofar as that order determines whether or not the pretrial record sets forth a ‘genuine’ issue of fact for trial,” Johnson v. Jones, 515 U.S. 304, 319-20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), “we have jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts,” Knox v. Sw. Airlines, 124 F.3d 1103, 1107 (9th Cir.1997) (emphasis added). Here, the district court expressly stated that questions of fact remain regarding whether Titland knew or should have known that Correia was a sex offender and that minor females would be residing in or visiting the Parsons’ home. We nevertheless have jurisdiction because even if we resolve the factual issues in the Decoria’s favor, they still cannot demonstrate that Titland violated T.D.’s clearly established constitutional right, for reasons we explain *173 below. Because this question represents “an abstract issue of law relating to qualified immunity,” Kennedy, 439 F.3d at 1060 (quoting Behrens v. Pelletier, 516 U.S. 299, 312-13, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)) (internal quotation marks omitted), it falls within our jurisdiction. See id. (holding that we have jurisdiction to review a district court’s denial of qualified immunity where “even after resolving the issues of fact in [the plaintiffs] favor, [the plaintiff] will not have demonstrated that [the defendant] violated her clearly established, constitutional right”); see also Huskey v. City of San Jose, 204 F.3d 893, 896 (9th Cir.2000) (“Even though the parties dispute some of the facts, this court has jurisdiction over the legal question the individual defendants have raised regarding whether [the plaintiffs] version of the facts can sustain a claim that his clearly established constitutional rights have been violated.”).
“We review de novo an interlocutory appeal from the denial of summary judgment based on qualified immunity.” Kennedy, 439 F.3d at 1059. “We must determine ... whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law.” Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th Cir.2005) (citing Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc)). Titland is not entitled to qualified immunity if (1) his conduct violated a constitutional right, and (2) that right was “clearly established” at the time of the constitutional violation. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). We may “decid[e] which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.” Pearson v. Callahan, — U.S. -, -, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).
Here, Titland argues that the constitutional right (that the Decorias allege he violated) was not clearly established in 2005 when the events at issue took place. “[W]e need not find a prior ease with identical, or even ‘materially similar,’ facts. Our task is to determine whether the preexisting law provided [Titland] with ‘fair warning’ that [his] conduct was unlawful.” Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1136-37 (9th Cir.2003) (citing Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)). “[W]e may draw clearly established law from other circuits” when we have not addressed the alleged right at issue. Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir.2007) (citing Prison Legal News, 397 F.3d at 701).
In 2005, our law was clear that a defendant officer who affirmatively placed a plaintiff in danger she otherwise would not have faced, and did so with deliberate indifference to that danger, violated that plaintiffs constitutional rights. See, e.g., L.W. v. Grubbs, 974 F.2d 119, 120, 123 (9th Cir.1992) (holding that plaintiff stated a claim under 42 U.S.C. § 1983 when state employer defendants placed the plaintiff employee alone in a medical ward with an assistant who was a known violent sex offender, and who later raped the plaintiff). Nonetheless, we have never decided the question of whether a defendant officer violates a plaintiffs constitutional rights when, as in this case, the officer’s challenged actions were not directed toward the plaintiff, but rather toward another person who later harmed the plaintiff. The factual differences between this case and our earlier cases are sufficiently distinct that Titland would not have had fair warning that his actions were unlawful.
Although the Second and Seventh Circuits have held that an officer’s actions toward one party who, in turn, harms a *174 third-party plaintiff may violate the plaintiffs constitutional rights, see Pena v. DePrisco, 432 F.3d 98, 103, 109-10 (2d Cir.2005); Reed v. Gardner, 986 F.2d 1122, 1126-27 (7th Cir.1993), we do not believe that these cases constitute “such a clear trend in the case law” that shows that recognition of the right in this circuit is “merely a question of time,” Jacobs v. City of Chicago, 215 F.3d 758, 767 (7th Cir.2000) (quoting Cleveland-Perdue v. Brutsche, 881 F.2d 427, 431 (7th Cir.1989)) (internal quotation marks omitted). We conclude that the alleged constitutional right at issue here was not “clearly established” in 2005, and that Titland is therefore entitled to qualified immunity. In light of our disposition, we need not address Titland’s remaining arguments.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.